Matter of M.B. v G.S. (2004 NY Slip Op 50444(U))

[*1]

Matter of M.B. v G.S.

2004 NY Slip Op 50444(U)

Decided on May 13, 2004

Family Court, Onondaga County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 13, 2004

Family Court, Onondaga County
In the Matter of M.B.
against
G.S.
xxx

Petitioner, pro se. Annette A. Muir, for respondent. Gerard J. Neri, Law Guardian.

Michael Hanuszczak, J.
In this unusual proceeding, the petitioner filed a petition on July 17, 2003 seeking to have the respondent named as the father of the subject child. On August 27, 2003, the parties appeared before the Court and the respondent entered a denial. The Court ordered a DNA test and adjourned the matter for a report.
On the report date, the petitioner and the attorney for the respondent appeared. The Court apprised the participants that the results of the DNA test excluded the respondent from the paternity of the subject child. After reviewing the test report, the petitioner informed the Court that the respondent was not the person who was tested.
Based upon this allegation, the Court briefly adjourned the proceeding and appointed a law guardian. When the proceedings were recalled, the respondent was also present in the courtroom together with his attorney. On agreement of the parties and the law guardian, the Court heard the sworn testimony of the petitioner regarding the circumstances surrounding the DNA test. The petitioner testified that when she appeared for the test appointment, she was informed that the respondent had already been tested. The petitioner further testified that the photo and signature of the alleged father appended to the Genetic Test Report were not those of the respondent. Thereupon, the law guardian moved that a second DNA test be scheduled.
The Court reserved decision on the request of the law guardian for a second DNA test. The Court, pursuant to Section 255 of the Family Court Act, referred the matter to the office of the Onondaga County District Attorney for an investigation of the allegations contained in the petitioner's testimony. (Matter of Markeyta A., 169 Misc2d 847.) The proceeding was adjourned for a second report date.
At the following report date, the petitioner, the respondent, and the law guardian appeared before the court; the respondent's attorney did not appear. Although the Court informed the respondent that the matter would be adjourned so that he could appear with his attorney, the respondent requested that the Court order a second DNA test. On agreement of the parties and the law guardian, the Court scheduled the second DNA test and adjourned the proceeding for a report.
Prior to the next Court date, the Court was notified by the Onondaga County District Attorney's office that, after an investigation of the allegations, the respondent and his cousin were charged with second-degree forgery, first-degree falsifying business records, tampering with physical [*2]evidence in connection with the first DNA test, and second-degree criminal impersonation. In a written admission in connection with the criminal court case, the respondent stated that he paid his cousin a sum of money to take the DNA test and provided his cousin with his (i.e., the respondent's) driver's license to show as identification at the time of testing.
On May 13, 2004, the petitioner, the respondent together with his attorney, and the law guardian appeared before this Court, and the parties reviewed the results of the second DNA test, which showed a 99.99% probability of paternity. The respondent thereupon admitted paternity of the subject child.
Based upon the admission of paternity by the respondent, the Court finds that the respondent is the father of the subject child; an order of filiation, prepared by the Court, shall be filed and entered; and the issue of support is referred to a Support Magistrate.
/s/ Michael L. Hanuszczak 
MICHAEL L. HANUSZCZAK
Family Court Judge